IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON

BRUCE ALAN WRIGHT,

    Plaintiff,

v.

PATRICIA RUTH WRIGHT,

    Defendant.

Henderson Chancery No. 9079
C.A. No. 02A01-9608-CH-00202

Hon. Joe C. Morris, Judge

**FILED**

**July 30, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

RICKY L. WOOD, Parsons, Attorney for Plaintiff.

LLOYD R. TATUM, Tatum and Tatum, Henderson, Attorney for Defendant.

*REMANDED*

Opinion filed:

---

MEMORANDUM OPINION[1]

---

TOMLIN, Sr. J.

In this divorce case each of the parties disputes the division of marital property and marital debt by the chancellor below, as well as the ascertainment by the court of what property was marital property and what property was previously owned by Husband.

Bruce Alan Wright, (hereafter "Husband" or "plaintiff") filed suit for divorce in the Chancery Court of Henderson County against Patricia Ruth Wright (hereafter "Wife" or "defendant") on the grounds of inappropriate marital conduct on the part of Wife. Wife filed a counter-complaint against Husband on the same grounds. Following a bench trial, the chancellor awarded both parties a divorce and sought to divide the marital property and marital debt.

Husband's sole issue on appeal is whether or not the trial court properly divided the marital property as well as the various debts incurred by the parties during the

---

[1]Rule 10(b) (Court of Appeals). <u>MEMORANDUM OPINION.</u> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent related case.

marriage. Because of deficiencies in the record as to what was marital property and what was previously-owned property of Husband, as well as the absence of a finding of the values of the respective pieces of property sought to be divided, and the appreciation of value allocated to Wife, if any, as well as a lack of clarity as to the value of the parties' personal property, we remand this case to the chancellor for further proceedings in this regard.

The parties were married in 1988 and divorced in 1995. Shortly after marriage the parties purchased a 15.5 acre tract of land in Morgan County for $24,000.00, where they resided in a mobile home (hereafter called "the Morgan County property"). It was stipulated that they subsequently sold 9 acres of the Morgan County property for $20,000.00 and used the proceeds to amortize the existing debt on the remaining 6.5 acres. This property was titled in the name of both parties. The chancellor found it to be marital property and awarded it to Wife. The value of this property however was hotly contested by both parties, with one party's valuation being almost 300% greater than the other. The chancellor made no finding as to the specific value of the Morgan County property in the divorce decree.

Upon leaving Morgan County, the parties moved to Henderson County, where they resided in a mobile home on Husband's 37 acre farm. Utilizing some of the facilities already built there, Husband began operating a commercial hog farm. While Husband and Wife dispute the efforts expended by Wife in the operation of the hog farm, Wife contends that she contributed substantially to the development of the hog operation, although at the time of trial it appeared to be financially unsuccessful, so much so that Husband was no longer engaged in the hog business.

At trial Wife contended that the "hog farm" should be considered marital property. On the other hand Husband contended that inasmuch as the property was purchased by him prior to marriage, it could not be considered marital property and at best Wife would be entitled only to an appreciation in the value of the property during marriage and the extent, if any, to which Wife contributed to the appreciation in value. In the final decree of divorce the chancellor failed to make a finding whether or not this property was considered Husband's separate property or marital property, nor did he

2

find any contribution as to the appreciation in value, if there was any, by Wife.

Shortly after moving to Henderson County, the parties begin construction on their marital residence in which Wife resided at the time of the divorce. This residence was constructed on a 1.1 acre parcel of land, owned by Husband prior to marriage and located adjacent to the 37 acre hog farm.

The parties financed the construction of the marital residence by placing a mortgage on the 37 acre hog farm, the 1.1 acre parcel of land on which they were constructing the residence and a 16 acre tract of unimproved land in Henderson County which was adjacent to the hog farm. This latter parcel of land was agreed by the parties to be separate property of Husband. The record also reflects that the hog farm property was burdened with a preexisting loan of $33,000.00 at the time it was used by them as security for the loan to build the residence.

The final decree entered by the chancellor reads as follows:

> This cause came on to be heard on the 12th and 19th days of October, 1995, before the Honorable Joe C. Morris, Chancellor, holding the Chancery Court for Henderson County, Tennessee, upon the complaint filed by the Plaintiff, Husband, the Answer and Counterclaim of Defendant, Wife, and the Answer thereto, the testimony of the parties and other witnesses heard in open Court, and the entire record in this cause; and it appeared to the Court, and the Court so found that both parties were residents of Henderson County, Tennessee, at the time of their final separation, and that the Court had jurisdiction of the parties and of the property herein involved.
>
> From all of which it appeared to the Court and the Court so found that the allegations in the Complaint and the Counter-complaint are true; that the Husband and Wife have been guilty of such inappropriate marital conduct as renders cohabitation unsafe and improper. The Court further found that the parties have accumulated marital property comprised of approximately 6 acres in Morgan County, Tennessee, 1.11 acres and a house at 2995 Centerpoint Rd., and approximately 40 acres adjacent thereto in Reagan, Henderson County, Tennessee, and the 10 and ½ acre "Roby" tract of land in Chester County, Tennessee; livestock, farm equipment, vehicles, household furnishings and other items of personal property; and that the only marital debt in this case is approximately $43,000 owed to First State Bank secured by some of the parties' real property with the remaining debt either Husband's separate debt or is debt collateralized by personal property awarded to the Husband, more particularly hereinbelow, except for debt secured by Wife's Chevy S-10.
>
> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:
>
> 1. That the parties have been guilty of inappropriate marital conduct as renders cohabitation between the parties unsafe and improper, and that the bonds of matrimony subsisting between and uniting Husband

and Wife be, and the same are, hereby absolutely, forever and perpetually dissolved and the parties are restored to all of the rights, privileges and status of unmarried persons, and they are hereby granted and awarded an absolute divorce from each other.

2. That the approximately 6 acres in Morgan County, Tennessee, 1.11 acres and a house at 2995 Centerpoint Rd. and the contents of the aforesaid house and lot, and other personal property presently possessed by Wife, including her Chevy S-10 vehicle, are divested from Husband and vested in Wife. Wife is further awarded the sum of Five Thousand ($5,000.00) Dollars to equitably adjust the division of marital property.

3. That any interest of Wife in all remaining real and personal property accumulated by the parties is divested from Wife and vested in Husband. Both parties are to execute any and all documents necessary for the transfer of title or deed to said properties awarded herein.

4. That Husband shall pay the joint debt owed to First State Bank of Henderson, Tennessee, and secured by the parties' real property.

5. Wife shall pay the debt owed for her Chevy S-10 and hold Husband harmless therefrom. Husband shall pay any remaining debts and hold Wife harmless therefrom.

6. Husband is ordered to pay as alimony *in solido* the sum of One Thousand ($1,000.00) Dollars to defray Wife's legal fees and expenses.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Husband shall pay the costs of this cause, for all of which let execution issue, if necessary.

In the parties' respective affidavits filed as part of their briefs, they agree that three parcels of property were marital property at the time of the divorce-6 acres in Morgan County, a house and 1.1 acre in Henderson County, and 10.5 acres known as the "Roby property" in Chester County. However, they sharply dispute the values of these properties.

The parties also agree that 16 acres in Henderson County and another 1 acre parcel in Henderson County are separate property of the Husband. While the values of these parcels are disputed, the difference is not so great. Lastly, Wife contends that the hog farm is marital property, while Husband contends that it is his separate property. Again, we have a wide divergence of value, as stated by Husband and Wife.

In reviewing this record we have determined that the chancellor failed to make any finding as to what should be considered marital property or separate property in the case of the one disputed parcel, while at the same time failing to determine whether or not Wife was entitled to any increase in value thereof. As to the parcels of property

that were undisputed to be marital property, in awarding interest in and to these properties the chancellor failed to fix a value on these respective properties in light of the substantial dispute by the parties themselves.

Lastly, the trial court failed to clearly specify the value of the personal property in dispute, and the corresponding allocation of this value to one party or the other. This court is unable to determine if the division of property was "equitable."

Accordingly, we remand this case to the chancellor and direct that he revisit the issues that we have raised in this opinion, along with a reconsideration of the proof relative thereto, and to thereafter to make specific findings as to the ownership of each respective piece of property as already determined by him, its value, the appreciation in value of any separately owned property of Husband that would be allocated to the Wife, based upon any contribution to its value by her, and such other findings as may be necessary so that the parties can clearly ascertain the value of the assets awarded to them and so that in the event of a further appeal

there will be ample evidence for this court to consider in attempting to resolve any issues presented to it. Costs in this cause on appeal are taxed one-half to Husband and one-half to Wife, for which execution may issue, if necessary.

_____
TOMLIN, Sr. J.


_____
CRAWFORD, P. J., W.S.    (CONCURS)

HIGHERS, J.           (CONCURS)